CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

APR 0 4 2008

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CYNTHIA ROBERTS,<br><br>    *Plaintiff,*<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    *Defendant.* | CIVIL NO. 6:06cv00047<br><br><br>MEMORANDUM OPINION and ORDER<br><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion for Summary Judgment, filed on December 11, 2007 (docket entry no. 28). Plaintiff Cynthia Roberts suffered injuries from a fall at a United States Post Office when her foot caught on a concrete wheel stop. She alleges that Defendant's negligently maintained premises proximately caused her injuries. Because the alleged defect was open and obvious, Plaintiff was contributorily negligent as a matter of law. Accordingly, Defendant's motion is GRANTED.

## I. BACKGROUND

On December 6, 2004, on the way home from work, Plaintiff visited the United States Post Office in Evington, VA to buy a stamp. Plaintiff parked her car in one of the spaces in front of the post office. She exited her vehicle and began to walk towards the building. In order to reach the sidewalk she chose to step over a standard sized concrete wheel stop located at the end of the parking space. The underside of the wheel stop was cut away in two places, apparently so that the wheel stop could be moved by a fork lift. The cuttings were approximately an inch and a half high and roughly two feet in width. Over time the edge of the wheel stop above the cuttings has become worn away such that the concrete had a rough and uneven surface. Plaintiff alleges

that while stepping over the wheel stop her left foot slid under the barrier into the cut away area, and then caught on the degraded surface of the barrier, causing her to trip and fall. She alleges the worn condition of the barrier posed a hazardous condition that was not open and obvious.

Following the accident Plaintiff initiated this action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 146(b), 1402(b), 2401(b), and 2771–2680. This suit is governed by Virginia law, because under the FTCA, it is "the law of the place where the act or omission occurred" that governs substantive liability. 28 U.S.C. § 1346(b).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Furthermore, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 250. Summary judgment under Rule 56 is appropriate only when the court, viewing the record as a whole and drawing reasonable inferences in the light most favorable to the nonmoving party, determines that the Rule 56(c) standard has been met. *See, e.g., id.* at 248–50 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir.1999).

If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' ... an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.

A court should grant a motion for summary judgment if, after adequate time for discovery, the nonmoving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in [Rule 56]—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Indeed, the nonmoving party cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation. *Glover v. Oppleman*, 178 F. Supp. 2d 622, 631 (W.D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact."). The trial judge has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 317).

### III. DISCUSSION

Defendant argues that summary judgment is appropriate because the defect—the degraded condition of the wheel stop—was open and obvious. Under Virginia law, a land owner has no duty to remediate or provide any warning for a defect that is open and obvious. A Plaintiff who is injured by a defect that would be open and obvious to a person exercising ordinary care for her own safety is contributorily negligent as a matter of law.

A business owes its customers a duty to exercise ordinary care for those customers when they are on the business' premises. *Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (Va. 1990) (citing *Colonial Stores v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962)). An owner has an obligation to remedy or warn of defects on its premises of which it has knowledge or should have knowledge, *except* for those defects that are open and obvious to a reasonable person exercising ordinary care for her own safety. *Knight v. Moore*, 18 S.E.2d 266, 269 (Va. 1942); *Fobbs v. Webb Bldg. Ltd. P'ship*, 349 S.E.2d 355, 357 (Va. 1986) (citing *Appalachian Power Co. v. Sanders*, 349 S.E.2d 101, 105 (Va. 1986); *Indian Acres v. Denion*, 213 S.E.2d 797, 799 (Va. 1975)).

A person who trips and falls over an open or obvious condition or defect is guilty of contributory negligence as a matter of law in Virginia. *Scott v. City of Lynchburg*, 399 S.E.2d 809, 810 (Va. 1991). Normally, the issues of contributory negligence and the open and obvious nature of a hazard, are jury questions. In clear cases, however, the contributory negligence of the plaintiff may be established as a matter of law. *Artrip v. E.E. Berry Equip. Co.*, 397 S.E.2d 821, 823 (Va. 1990). Except in rare circumstances, none of which are present in this case, contributory negligence is an absolute bar to recovery. *Litchford v. Hancock*, 352 S.E.2d 335, 337 (Va. 1987).

In *Scott*, for example, the plaintiff stepped off of a curb at the Lynchburg City Market and broke her hip. She was familiar with the market and had negotiated the curb in the past; on the occasion when she fell, she simply "forgot the curb was there." *Scott*, 399 S.E.2d at 811 (citing *Hill v. City of Richmond*, 53 S.E.2d 810, 813 (Va. 1949)). The court held that whether a condition is open or obvious may in some circumstances be a jury issue, but determined it was not in this case because the plaintiff was aware of the existence of the curb. *Id.* Similarly, in

*Tazewell Supply Co. v. Turner*, 189 S.E.2d 347 (Va. 1972), the court held that the plaintiff was guilty of contributory negligence as a matter of law when she tripped over a cardboard box that she did not actually see, but that she would have seen without difficulty if she had been looking down. *Tazewell*, 189 S.E.2d at 350; see also *Gottlieb v. Andrus*, 104 S.E.2d 743, 745 (Va. 1958); *Gall v. Great Atl. & Pac. Tea Co.*, 120 S.E.2d 378, 380 (Va. 1961).

Other hazards that have been deemed open and obvious in Virginia include: depressions in parking lot and sidewalk surfaces, *Rocky Mount Shopping Ctr. Assocs. v. Steagall*, 369 S.E.2d 193, 194 (Va. 1988); *Hillsville v. Nester*, 205 S.E.2d 398, 399 (Va. 1974); *West v. City of Portsmouth*, 232 S.E.2d 763, 764 (Va. 1977); boxes in a six-foot-wide, adequately lighted store aisle, *Gottlieb*, 104 S.E.2d at 745; a wet floor where wet footprints were visible, *Newcomb v. Food Lion*, No. 95-3044, 1996 WL 469902, at *2 (4th Cir. Aug. 20, 1996) (unpublished opinion); and, the protruding legs of a stationary three-tier basket, *England v. Food Lion*, No. 6:05-CV-2, 2006 WL 893839, at *2 (W.D. Va. Mar. 31, 2006) (unpublished opinion). Generally, the guiding inquiry is whether the plaintiff would have seen the hazard if she had been looking. See *Tazewell*, 189 S.E.2d at 350; *England*, 2006 WL 893839 at *1.

In support of its argument for contributory negligence, Defendant points to the deposition testimony of Plaintiff. Plaintiff admits that she had visited the Evington Post Office many times, was familiar with the premises, and was aware of the wheel stop. (Pl. Dep. at 15, 20). She also admits that she saw the wheel stop as she drove into the parking space, and that it was not necessary to step over the wheel stop. *Id.* at 20. Although it had rained earlier in the day, the weather was clear at the time Plaintiff visited the post office, and it was daytime. *Id.* at 16.

Defendant argues that based on Plaintiff's testimony it is evident as a matter of law, that the defect was open and obvious. Plaintiff was familiar with the premises having visited the post

office a number of times. On this particular visit she admits she saw the barrier as she drove in to the space. It was shortly after noon, therefore light and visibility were good. Under these circumstances, Defendant argues, any reasonable person exercising ordinary caution would have easily avoided the open and obvious condition.

Plaintiff raises two arguments in response. First, Plaintiff argues that under Virginia law, the test is not whether the defective surface of the block is open and obvious, but whether "the hazard — that once the foot slipped into the block, it would not easily remove — was open and obvious." (Pl's Opp. at 4). Plaintiff's statement of the law is correct, but provides no additional support on these facts. *See Freeman v. Case Corp.*, 118 F.3d 1011, 1014 (4th Cir. 1997) ("The relevant question under Virginia law is not whether the defect itself . . . was obvious, but whether the hazard . . . was open and obvious.") In this case, the hazard is immediately apparent to a reasonable person who sees the defective condition of the wheel stop. It does not require special technical knowledge to realize that a shoe can catch on a rough and sharp concrete surface. By contrast, in *Freeman*, the hazard — accidental coengagement of two pedals on a tractor — was not readily apparent based on a viewing of the pedal arrangement. *Id.*

Second, Plaintiff argues that the hazard, the rough surface of the underside of the block, was not readily visible. Plaintiff's assertion is contradicted by the exhibits placed in evidence. The photographs produced by Plaintiff at the motion hearing clearly show a worn and rough surface easily visible to a person approaching by foot or vehicle. Plaintiff testified that she did not notice the worn surface of the block, and that she could not see the defect when she was standing over it. (Pl's Dep. at 29). However, it is immaterial whether Plaintiff herself saw the alleged defect, as long as a reasonable person exercising ordinary care would have seen the defect.

After a review of the exhibits submitted by Plaintiff and Defendant and deposition testimony, I find as a matter of law, that the alleged defect was open and obvious to a person exercising ordinary caution for her safety. The photographs submitted by Plaintiff clearly indicate the degraded condition of the block. A person driving a car into a parking space could easily see the alleged defect. Furthermore, a reasonable person could anticipate that if she placed her foot under the block shown in the photograph that her shoe could become caught on the rough surface of the block and she would trip.

Even if the condition of the block had not been open and obvious, Plaintiff was negligent in placing her foot under the block. There was no need for plaintiff to step over the block; there was an open pathway to the sidewalk on either side of the wheel stop. Even assuming it was reasonable to step over the wheel stop rather than walk around it, Plaintiff was negligent in placing her foot under the block. The cut away portion of the wheel stop was not designed as a place that a customer would insert her shoe, and it was not reasonable for the Post Office to anticipate that a customer would do so. In other words, there was no reason for Plaintiff's shoe to be under the block in the first place. A reasonable person exercising ordinary care for her safety would not have placed her foot under the wheel stop.

Viewing the facts and drawing reasonable inferences in the light most favorable to Plaintiff, it is evident that the defect on Defendant's premises was open and obvious. Thus, Defendant had no duty to warn Plaintiff of the defect, Plaintiff was contributorily negligent, and Defendant is entitled to judgment as a matter of law.

## IV. CONCLUSION

Viewing the facts and drawing reasonable inferences in the light most favorable to Plaintiff, it is evident that the defect on Defendant's premises was open and obvious. Thus,

Defendant had no duty to warn Plaintiff of the defect, Plaintiff was contributorily negligent, and Defendant is entitled to judgment as a matter of law. For the foregoing reasons, Defendant's Motion for Summary Judgment (docket entry no. 28) is hereby GRANTED.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTERED: April 4, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE